JUDGE HELLERSTEIN

# 12 CIV 5624

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
PAULINE SCHWARTZ,

      Plaintiff,

  -against-

CITY OF NEW YORK; Police Officer JULIO SANTIAGO, Shield No. 23556; Police Officer MICHAEL VOSS, Shield No. 25617; and Police Officers JOHN and JANE DOES 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

      Defendants.
------------------------------------------------------------------ X

**COMPLAINT**

Jury Trial Demanded



## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Pauline Schwartz ("plaintiff" or "Ms. Schwartz") is a resident of New York County in the City and State of New York. Ms. Schwartz is sixty-five years old and has never been arrested before.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Officer Julio Santiago, Shield No. 23556 ("Santiago"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Santiago is sued in his individual and official capacity.

9. Defendant Officer Michael Voss, Shield No. 25617 ("Voss"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Voss is sued in his individual and official capacity.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

### STATEMENT OF FACTS

13. At approximately 2:00 p.m. on May 29, 2011, Ms. Schwartz was lawfully sitting on a bench in Central Park.

14. Ms. Schwartz noticed a bag placed under the bench upon which she was sitting.

15. After a period of time, she decided to take the bag to a lost and found center in the Park.

16. Within minutes, four to five officers surrounded her.

17. The officers asked Ms. Schwartz for her identification and she provided it.

18. Ms. Schwartz, who was wearing shorts at the time, was patted-down, handcuffed and transported to a police precinct.

19. While at the precinct, plaintiff remained in a filthy cell for approximately five hours.

20. Ms. Schwartz was transported to Manhattan Central Booking.

21. The officers falsely informed employees of the New York County District Attorney's Office that they had observed plaintiff engage in petit larceny and criminal possession of stolen property.

22. Plaintiff never engaged in petit larceny or criminal possession of stolen property.

23. Ms. Schwartz was prosecuted for approximately 11 months before the charges were adjourned in contemplation of dismissal.

24. Ms. Schwartz suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation, and damage to her reputation.

## FIRST CLAIM
### Unlawful Stop and Search

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

27. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

30. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Failure to Intervene

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

33. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

34. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Monell

35. Defendant City of New York, through its NYPD "Operation Lucky Bag" policy, directly caused the Constitutional violations set forth herein.

36. The City, through its police department, has had and still has, in some form, Operation Lucky Bag that leads to the arrests of innocent people in violation of their constitutional rights.

37. As part of Operation Lucky Bag, the City, through its police department, trains its officers to stop individuals without reasonable suspicion and is indifferent to the consequences.

38. "Operation Lucky Bag" began in 2006 and involved "abandoned" valuables left in various locations that were used as bait to arrest people.

39. The charges against most of the individuals arrested in the original "Operation Lucky Bag" have been dismissed and the program was stopped.

40. The City, through its police department, continues to maintain a form of Operation Lucky Bag

41. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policy.

42. In dismissing one of the cases, Brooklyn Judge, Matthew A. Sciarrino, noted that the law allows 10 days for someone to turn in found property and added that the police "do not need to manipulate a situation where temptation may overcome even people who would normally never think of committing a crime."

43. More than half of the individuals arrested under "Operation Lucky Bag" have never been arrested before.

44. "Operation Lucky Bag" routinely results in the unlawful arrests of individuals, like plaintiff, who act as good Samaritans and attempt to turn abandoned property into the authorities.

45. "Operation Lucky Bag," created by defendant City of New York, was the moving force behind plaintiff's injuries.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   July 23, 2012
         New York, New York

                          HARVIS MARINELLI
                          SALEEM & WRIGHT LLP

                          _____
                          Robert Marinelli
                          305 Broadway, 14th Floor
                          New York, New York 10007
                          (212) 323-6880
                          rmarinelli@hmswlaw.com

                          *Attorney for plaintiff*